Filed 8/1/24  P. v. Jara CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B329307 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA014051) |
| v. | |
| ALONSO JARA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Reversed and remanded with instructions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

In 1993, the People charged appellant Alonso Jara and another person with one count of murder and two counts of attempted murder. For all three counts, the information alleged that Jara personally used a firearm. In March 1994, Jara pled guilty to second degree murder (§ 187, subd. (a)), and admitted the firearm allegation (§ 12022.5, subd. (a)). He was sentenced to 15 years to life.

On June 29 2022, Jara filed a petition for resentencing under former section 1170.95, now section 1172.6.[2] The trial court appointed counsel for Jara. The People opposed the petition on the grounds that Jara was prosecuted as the actual perpetrator, and therefore he was ineligible for relief as a matter of law. The People submitted the preliminary hearing transcript in support of the opposition. The trial court denied the petition, finding that Jara failed to make a prima facie showing. Jara timely appealed.

On appeal, Jara contends that the trial court erred in denying his petition without issuing an order to show cause or holding an evidentiary hearing. The People agree that the trial

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We do not recite the factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)

court erred, because there was "a plausible factual dispute as to whether appellant was guilty of murder under a theory that is currently valid." (See, e.g., *People v. Lee* (2023) 95 Cal.App.5th 1164, 1174 [a prima facie showing under section 1172.6 is made by showing that the petitioner was convicted of murder, attempted murder, or manslaughter under a theory no longer valid under the amended Penal Code].)  The People state that Jara's petition did not demonstrate that he was ineligible for relief as a matter of law, and therefore concede that the matter should be reversed and remanded for an evidentiary hearing.

We agree.  The People charged Jara and another defendant with murder and attempted murder without asserting any specific theory of liability.  The preliminary hearing testimony stated that multiple people were in the truck from which the shooting occurred, and that the shooter fired into a crowd of people at a party.[3]  As the People note, this testimony "does not foreclose the possibility that one of the other occupants of the vehicle was the direct perpetrator and [Jara] could have been guilty . . . under a natural and probable consequences theory."  In addition, the inclusion of a firearm enhancement under § 12022.5, subd. (a) in Jara's plea does not preclude eligibility for relief under § 1172.6.  (*People v. Davenport* (2021) 71 Cal.App.5th 476, 485.)  Based on the record before us, Jara was not ineligible for relief as a matter of law.  The trial court therefore should not

---

[3]     The extent to which a trial court may rely on a preliminary hearing transcript at the prima facie stage under section 1172.6 is currently being considered by our Supreme Court in *People v. Patton* (No. S320352).  Because the parties agree that remand is appropriate here, we need not address the current split of authority on this issue.

have denied the petition at the prima facie stage, and instead should have issued an order to show cause.  (§ 1172.6, subd. (c).)

## DISPOSITION

The court's February 27, 2023 order denying Jara's petition is reversed, and the matter is remanded for further proceedings under section 1172.6.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P. J.

We concur:


MORI, J.


ZUKIN, J.

4